ANDERSON COUNTY v. HOPKINS.
(No. 7301.)

(Court of Civil Appeals of Texas. Galveston. June 29, 1916.)

CLERKS OF COURTS ⬳33—EXTRA COMPENSATION FOR COUNTY CLERK—"COMPENSATION" —"EXCESS FEES."

Vernon's Sayles' Ann. Civ. St. 1914, arts. 3881, 3882, 3889, and 3893, as to county clerk's fees, allowing county clerks, in counties of 25,000 inhabitants, to retain $2,400 as "compensation," and, in counties of between 25,000 and 38,000 inhabitants, to retain as "excess fees" up to $1,250, one-fourth of the fees in excess of the amount allowed for salaries of themselves and assistants and deputies, and allowing the commissioners' court in cases where the "compensation" and "excess fees" do not reach the maximum provided for, to allow compensation for ex officio services, not to exceed the maximum, authorize the commissioners' court to allow the clerk of the county court. in counties having between 25,000 and 38,000 inhabitants, compensation for ex officio services, provided such compensation, together with the fees retained by him under articles 3881, 3882, and 3889, does not amount to more than $3,650, and such compensation for ex officio services cannot be regarded as "excess fees" of which officers can retain only one-fourth, article 3888, providing that in no case shall the court be responsible for the payment of any sum when the fees collected by any officer are less than the maximum compensation, not being in conflict.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 58; Dec. Dig. ⬳33.

For other definitions, see Words and Phrases, First and Second Series, Compensation.]

Appeal from Anderson County Court; P H. Springer, Special Judge.

Action by Anderson County against J. I. Hopkins. From a judgment for defendant, plaintiff appeals. Affirmed.

Campbell & Sewell, of Palestine, for appellant. O. C. Funderburk, of Palestine, for appellee.

PLEASANTS, C. J. This suit was brought by appellant against appellee to recover the sum of $850, claimed to have been unlawfully allowed appellee by the commissioners' court of appellant county as compensation for ex officio services performed by him as county clerk of said county. A general demurrer was sustained to the petition, and, plaintiff declining to amend, the suit was dismissed.

The only questions raised by the appeal are whether the commissioners' court of a county having more than 25,000 and less than 38,000 inhabitants is authorized to allow compensation to the county clerk for ex officio services when the fees of the office, after paying the expenses allowed by law, amount to the sum of $2,400, and whether, if such compensation is allowed, it should be regarded as "excess fees," as that term is used in the statute, only one-fourth of which can be retained by the officer. The facts upon which these questions arise are fully pleaded in the petition. The determination of the question depends upon the construction of our statutes fixing and regulating the fees and compensation of county officers. The statutes bearing upon the question are articles 3881, 3882, 3889, and 3893, Vernon's Sayles' Civil Statutes. Article 3881, in so far as it affects the question under consideration, provides that the "maximum fees of all kinds" that may be retained by a county clerk as compensation for his services shall

not exceed the sum of $2,250. Article 3882 provides that in counties having a population of 25,000 inhabitants the county clerk may be allowed the sum of $2,400. Article 3889 is as follows:

"Each officer named in this chapter shall first, out of the fees of his office, pay or be paid, the amount allowed him, under the provisions of this chapter, together with the salaries of his assistants or deputies. If the fees of such office collected in any year be more than the amount needed to pay the amount allowed such officer and his assistants and deputies, same shall be deemed excess fees, and of such excess fees such officer shall retain one-fourth; and in counties having between 25,000 and 38,000 inhabitants until such one-fourth amounts to the sum of twelve hundred and fifty dollars; and counties containing a city of more than 25,000 population, or in which county the population exceeds 38,000, until such one-fourth amounts to the sum of fifteen hundred dollars, such population to be based on the United States census last preceding any given year. All amounts received by such officer as fees of his office besides those which he is allowed to retain by the provisions of this chapter, shall be paid into the county treasury of such county."

Article 3893 contains the following provisions:

"The commissioners' court is hereby debarred from allowing compensation for ex officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the commissioners' court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary; provided, such compensation for ex officio services allowed shall not increase the compensation of the official beyond the maximum amount of compensation and excess fees allowed to be retained by him under this chapter."

These articles of the statute seem to us to be so clear and unambiguous as to leave no room for construction. There is no doubt as to the meaning of the term "compensation and excess fees" as used in article 3893. By the provision of article 3881 the maximum amount of fees the officer is allowed to retain is retained as "compensation" for his services. This "compensation," is fixed by article 3882 at $2,400 for clerks of the county court in counties having a population of 25,-000 inhabitants. By article 3889 it is provided that, in counties having between 25,000 and 38,000 inhabitants, in addition to the compensation allowed in the preceding articles, the county officers may retain one-fourth of the "excess fees" collected by them until such one-fourth amounts to the sum of $1,250. It is perfectly clear that these articles permit a county clerk, in counties having between 25,000 and 38,000 inhabitants, to retain as compensation and excess fees the sum of $3,650. Article 3893 expressly authorizes the commissioners' court, when, in their judgment, such compensation is necessary, to allow compensation for ex officio services of any county officer, provided such compensation shall not increase the compensation of the official beyond the maximum amount of "compensation and excess fees" allowed to be retained by him under the preceding articles. These articles, we think, clearly authorize the commissioners' court to allow the clerk of the county court, in counties having between 25,000 and 38,000 inhabitants, compensation for ex officio services, provided such compensation, together with the fees retained by him under the preceding articles, does not amount to more than $3,650. We do not think article 3893 is susceptible of any other reasonable construction. We think it equally clear that the language and manifest purpose and intent of the article excludes the idea that the compensation for ex officio services thereby authorized can be regarded as "excess fees" of which officers can only retain one-fourth.

Appellant contends that article 3893 should not be construed according to the literal meaning of its language, because to do so would defeat the manifest purpose and intent of the Legislature in the enactment of the statute regulating the fees of county officers when the several articles of the statute are considered as a whole. We find nothing in the act as a whole which throws any doubt upon the meaning of article 3893. The provision of article 3888, that "in no case shall the state or the county be responsible for the payment of any sum when the fees collected by any officer are less than the maximum compensation allowed by this chapter, or be responsible for the pay of any deputy or assistant," are not in conflict with the provision of article 3893. The two articles, construed together, evidence the clear intention of the Legislature to protect the county against any claim on the part of the officers for any deficiency in the fees allowed him by law, but to authorize the commissioners' court, when, in their judgment, such compensation is necessary, to allow the officer compensation for ex officio services in an amount not to exceed such deficiency. We think such legislation is reasonable and proper. The ex officio services performed by a county officer may be much greater in one county than in another of the same population, and it is not unreasonable to leave to the judgment of the commissioners' court the question of whether a county officer should receive compensation for ex officio services, the amount of such compensation being limited by the statute.

We cannot agree with appellant in its further contention that the construction we have given this article of the statute adds to the inequality of the compensation allowed county officers, and therefore contravenes one of the primary purposes of the Legislature in the enactment of the fee bill statute. As before stated, we think the statute is plain and unambiguous, and we are not authorized to give it any construction than that which its plain language imports.

It appears from the face of the petition that Anderson county has a population, as

shown by the last United States census, of between 25,000 and 38,000 inhabitants, and that the total amount of compensation received by the defendant, including the $850 for which this suit is brought, was less than the sum of $3,600.

We agree with the trial judge that the petition does not show any right in the plaintiff to recover any sum from the defendant, and the general demurrer was properly sustained.

It follows that the judgment of the trial court should be affirmed; and it is so ordered.

Affirmed.