JONES et al. v. HARRIS COUNTY.*
(No. 355.)

(Court of Civil Appeals of Texas. Beaumont. June 28, 1918. Rehearing Denied Feb. 19, 1919.)

COUNTIES ☞80(2)—CLERK—FEES IN DELINQUENT TAX SUITS—STATUTES.

Compensation allowed county clerks in delinquent tax suits by Rev. St. 1911, art. 7691, must be reported, accounted for, and considered in reaching maximum compensation of such clerks as provided by maximum fee bill (Rev. St. 1911, art. 3883), though article 3924, providing that any other fees not embraced within title, but otherwise provided for, shall not be affected by its provisions, is also found in articles 3833–3926.

Error from District Court, Harris county; Henry J. Dannenbaum, Judge.

Suit by the County of Harris against George Jones and others. To review judgment for plaintiff, defendants bring error. Affirmed.

Barkley & Weems and Woods, King & John, all of Houston, for plaintiffs in error.

John H. Crooker, of Houston, for defendant in error.

HIGHTOWER, C. J. The following statement of the nature and result of this suit, found in the brief of plaintiffs in error, is conceded by defendant in error to be substantially correct, and is therefore adopted:

On the 30th day of January, A. D. 1917, the county of Harris filed this suit against George Jones, county clerk of Harris county, and the sureties on his official bond, H. M. Curtin and A. E. Amerman, alleging that during the fiscal year beginning December 1, 1915, and ending November 30, 1916, plaintiff in error George Jones, as county clerk, collected and received from the tax collector of Harris county, Tex., as fees earned upon the delinquent tax roll for said year, the sum of $1,763, which defendant in error claimed were fees of office which should have been reported by plaintiff in error and accounted for by him as such; that for said fiscal year the said George Jones had already collected and retained the maximum amount of salary and the excess fees to which he was entitled under the law, and the said sum of $1,763 was the property of the plaintiff, Harris county, and that it was the duty of said George Jones, on the 1st day of December, 1916, to pay over said sum of money to the county treasurer of Harris county, but that he had failed and refused to do so.

The defendants (plaintiffs in error) filed their answer, consisting of a general demurrer and special exceptions, and alleging, among other things, that the only laws upon which the claim asserted in plaintiff's petition could be predicated are the provisions contained in chapter 4, tit. 58, of the Revised Statutes of Texas of 1911, as amended by the Acts of the Legislature of 1913 (Acts 33d Leg. c. 121), and that said chapter 4, tit. 58, of said Revised Statutes, in article 3924 thereof, expressly provided that "any other fees of office not embraced within this title, but otherwise provided for, shall not be affected by the provisions hereof," and that all the amounts claimed to be due were amounts earned and collected under the provisions of article 7691 of the Revised Statutes of 1911, being fees due in delinquent tax cases, and were not fees of office and placed within or provided for by title 58 of the Revised Statutes, but were otherwise provided for, to wit, by said article 7691, which is a part of title 126 of the Revised Statutes.

The case was tried before the court upon the following agreed statement of facts:

"I. It is agreed that the defendant Geo. Jones, for the term from November 13, 1914, to November 30, 1916, was the duly elected, qualified, and acting county clerk of Harris county, Tex., and that the defendants A. E. Amerman and H. M. Curtin were the sureties on his official bond in the sum of $10,000, conditioned as required by law.

"II. It is further agreed that during the fiscal year beginning December 1, 1915, and ending November 30, 1916, the defendant George Jones, as county clerk aforesaid, earned and collected from all sources, as fees of his office, an amount largely in excess of the maximum amount of compensation allowed by law, and the necessary expenses incident to the conduct of his office, including salaries of deputies, clerks, etc.

"III. That out of said total amount of fees so earned and collected by him he retained the sum of $4,250, being the maximum amount of compensation provided by law for him, after paying the salaries of the clerks and deputies employed by him, and deducting the amount of necessary expenses incident to the conduct of his said office, after which he reported and accounted for and paid into the county treasury all excess fees for said fiscal year, except the sum of $1,763, being the amount sued for herein, which amount represents fees earned and collected by said Geo. Jones from December 1, 1915, to November 30, 1916, as costs and fees in delinquent tax cases, as provided for in article 7691 of the Revised Civil Statutes of 1911, which amount he has retained and still retains, and has not accounted for to Harris county, under the claim that it is exempted from the operation of the law fixing the maximum amount of compensation to which he is entitled by reason of the provisions of article 3924 of the Revised Civil Statutes of 1911.

"IV. It is further agreed by and between the parties hereto, acting by and through their respective attorneys, that if the act of the Regular Session of the Legislature of 1913, page 246, is valid and constitutional, and fees in delinquent tax cases provided for in article 7691 of the Revised Civil Statutes of 1911 come within the meaning of said act of 1913, in ar-

riving at the maximum amount of compensation which shall be allowed to county clerks, then the plaintiff is entitled to recover the sum of $1,763, being the amount sued for herein.

"On the other hand, if said act of 1913 is for any reason void or unconstitutional, or if said fees provided for in said article 7691 do not come within the provisions of said act of 1913, regulating the amount of fees and compensation which said county clerk may retain, then in that event the county shall take nothing by its suit."

Upon the facts thus agreed upon, the trial court rendered judgment in favor of Harris county, defendant in error herein, and against the plaintiff in error George Jones, as principal, and said sureties on his official bond, in the sum of $1,763, with 6 per cent. interest from date of such judgment, and costs of suit. From the judgment so rendered, the defendant George Jones and the sureties on his official bond have duly brought the case to this court by writ of error, and in their brief present three assignments of error, as follows:

(1) "The court erred in rendering judgment against the plaintiff in error, because it is agreed between the plaintiff and defendant that, if collections in tax suits be not included within the provisions of said act of 1913, the defendants are entitled to a judgment, and because collections in tax suits are not included therein."

(2) "The court erred in overruling defendants' general demurrer to plaintiff's petition, the same being shown by paragraph 1 of defendants' first amended original answer, wherein defendants excepted to plaintiff's petition because the facts therein alleged, if true, are insufficient to constitute a cause of action against defendants."

(3) "The evidence introduced is insufficient, if true, to entitle the plaintiff to the judgment rendered."

It will be readily seen that all of the above assignments relate to and raise the same question of law, and therefore a disposition of one of them disposes of them all.

Under these assignments, plaintiffs in error first contend that the compensation allowed county clerks under article 7691, c. 126, of the Revised Statutes is not fees of office within the meaning of article 3883, c. 58, fixing the maximum amount of fees allowed said officers, including county clerks, but is fees of office "otherwise provided for," and not within title 58 of the Revised Statutes of the State of Texas, and that Harris county, under the agreed statement of facts in this case, was not entitled to any part of the money sued for and recovered herein.

It is further contended by the plaintiffs in error that, when the Legislature, in 1913, amended article 3883 of the Revised Statutes of this state, it did not amend in any way or repeal article 3924 of the same title, but left the same intact and in full force and effect, and that, since said article 3924 provides that any other fees of office not embraced within said title (title 58), but other-wise provided for, shall not be affected by the provisions of said title, and that, as the money sued for by Harris county is "fees of office not embraced" within title 58, but are "otherwise provided for," the county of Harris was not entitled to recover any of the money sued for.

Thus it will be clearly seen that it is the contention of plaintiffs in error that the compensation provided for and allowed county clerks in tax suits by article 7691, tit. 126, Revised Statutes, does not have to be accounted for or taken into consideration in arriving at the maximum amount of compensation to be retained by such clerks, by reason of the fact that the authority to collect such fees is found elsewhere than in title 58, and that therefore such compensation is not subject to the provisions of the maximum fee bill, and they rely upon article 3924, found in title 58, for their contention. Said article 3924 reads as follows:

"Any other fees of office not embraced within this title, but otherwise provided for, shall not be affected by the provisions hereof."

After a very careful consideration of the contention here made by plaintiffs in error, we have arrived at the conclusion that the same is not tenable, but, on the contrary, we are of opinion that compensation allowed county clerks in delinquent tax suits by article 7691 of the Revised Statutes must be reported and accounted for and taken into consideration in arriving at the maximum compensation that may be retained by such clerks for services performed by them, as provided by the "maximum fee bill" (article 3883, tit. 58, of the Revised Statutes of this state), notwithstanding the fact that article 3924, above quoted, is also found in said title 58.

The precise contention here made by the plaintiffs in error was before the Court of Civil Appeals for the First District in the case of Harris County v. Hammond, Sheriff, 203 S. W. 445, the opinion in which was rendered March 14, 1918, and also in the case of Harris County v. Curtin, Tax Collector, 203 S. W. 453, opinion in which was rendered March 28, 1918, and in each of those cases the contention here made by plaintiffs in error as to the effect that should be given article 3924 was denied. In the Hammond Case, supra, the Galveston court, among other things, said:

"Article 3924, above quoted, was incorporated in the Revised Statutes of 1895 in the title and chapter fixing fees of officers. Its obvious purpose in the statute in which it was placed was to avoid any question as to the right of officers to collect fees not embraced in the chapter in which it was incorporated, but otherwise provided for. The schedule of fees fixed in that chapter does not include fees of officers authorized by provisions of the Criminal Code of Procedure and statutes regulating other matters, both civil and criminal. We think it clear that when the codifiers, in arranging the titles.

for the Revised Statutes of 1911, placed the maximum fee bill under the same title with the statute fixing the fees which officers were authorized to collect, they had no intention of applying article 3924 to the provisions of the maximum fee bill, and, if they had so intended, the placing of the two statutes under the same title could not be given that effect."

Were it not for the pressure of other matters, this court would be inclined to discuss more at length the contention of plaintiffs in error in this case, and would state more fully its reasons for denying same, but believing as we do, that the opinions of the Court of Civil Appeals for the First District in the Hammond and Curtin Cases, supra, were clearly correct, and that they fully disposed of the contention here made by plaintiffs in error, and that the reason for same is sufficiently stated in these opinions, we shall not further discuss the question.

It follows from what we have said that we are of opinion that the judgment of the trial court in this case was correct, and should be affirmed, and it will be so ordered.

Affirmed.

⊙═►For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes