### COLLINS et al. v. TARRANT COUNTY.
### (No. 9985.)

(Court of Civil Appeals of Texas. Fort Worth.
May 29, 1922.)

Clerks of courts ⊚19—Fees payable to district court clerk for delinquent taxes held to be property of the state; "fees of office;" "fees of office otherwise provided for."

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3855, 3883, 3889, and 3924, fees allowed to a district court clerk by article 7691 in suits to collect state and county taxes are the property of the state, being "fees of office" within the meaning of article 3883, fixing the maximum amount of fees allowed the district clerk, and not being "fees of office otherwise provided for" within the meaning of article 3924.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Action by Tarrant County against Joe M. Collins and others. From judgment for plaintiff, defendants appeal. Affirmed.

Phillips, Ammerman & Hurley, of Fort Worth, for appellants.

Goree, Odell & Allen and Flournoy & Smith, all of Fort Worth, for appellee.

BUCK, J. Suit was instituted November 28, 1917, by Tarrant county against Joe M. Collins, district clerk, and his two sets of bondmen for recovery of alleged fees of office claimed to have been received by said Collins and retained by him during his tenure of office from November, 1914, to the date of the filing of this suit. The controversy presented is over the proper construction of certain statutes relating to fees of office. The cause was tried under an agreed statement of facts, and the trial court rendered a judgment for plaintiff. The defendants have appealed.

It is agreed: That Joe M. Collins was the duly qualified district clerk for the time and terms set forth in plaintiff's petition. That the other parties defendant were sureties on his bonds as district clerk, and that said bonds were duly executed by said Collins as principal and the other defendants as sureties, and approved by the commissioner's court of Tarrant county, and duly filed and recorded as such. At the time and for the purposes set forth in plaintiff's petition the said Collins, as district clerk aforesaid, collected and received as tax fees and costs accruing and payable for the year 1914 and delinquent on, to wit, April ——, 1915, and on and for said taxes accruing and payable for the year 1915, and delinquent on, to wit, April ——, 1916, the sum of $1,477.55, the same being paid to and received by the said Collins as said district clerk as fees of his said office prescribed by law as costs and fees payable to him as said officer, in suits for delinquent taxes. That said Collins as district clerk, on each of his said accountings at the end of the fiscal year commencing on the 1st day of December, 1914, and ending on the 30th day of November, 1915, and the fiscal year commencing on the 1st day of December, 1915, and ending on the 30th day of November, 1916, took credit against the county of Tarrant for a maximum compensation of $4,250, and for all lawful expenses of his said office for each of said fiscal years, and did in fact receive and retain for each of said years the same compensation of $4,250, as well as the said expenses; and in addition to and in excess of said charges and allowances in his favor did claim and retain and refuse to pay into the treasury of Tarrant county the aforesaid sum of $1,477.55, collected and received as tax costs and fees during the said fiscal years, on the contention that Tarrant county had no right or interest in said sum so retained by him, and that said Collins had not paid to the county any part of said sum. It is further agreed that during the time from September ——, 1915, to and including November 30, 1915, said Collins, said district clerk, collected and received, as tax fees and costs and fees of said office in suits brought for state and county taxes in the district court of said county of Tarrant, the sum of $266, and received and collected for said amount from the 1st day of December, 1915, to and including the 30th day of November, 1916, the sum of $1,211.55. Of the foregoing collections the sum of $85 was collected and received as aforesaid during the month of November, 1916.

The first assignment assails the court's conclusion of law that the tax fees and costs heretofore mentioned were by law payable by defendant Joe M. Collins as district clerk into the treasury of Tarrant county as fees of his said office in excess of the maximum amount of the fees of all kinds that he might lawfully retain as compensation for his services as said clerk and for the lawful expenses of his said office, including pay to his depu-

ties and assistants. The second count complains of the court's conclusion of law that the defendant Collins unlawfully withheld fees amounting to the sum of $1,477.55 from the plaintiff. Article 3883, V. S. Tex. Civ. Statutes, provides that the clerk of the district court is allowed to retain the fees of his office to the amount of $2,750 per annum. Article 3889 provides that: Each officer mentioned in article 3883 shall first, out of the fees of his office, be paid the amount allowed him, together with the salaries of his assistants or deputies. If the fees of such office collected in any year be more than the amount needed to pay the amount allowed such officer and his assistants and deputies, same shall be deemed excess fees, and of such excess fees such officer shall retain one-fourth. That in counties in which the population exceeds 38,000 each officer named in chapter 4, title 58, shall be allowed to receive and retain one-fourth of said excess fees to the amount of $1,500. The $2,750 allowed under article 3883 and the $1,500 allowed under the last-cited article make $4,250, the amount which it is agreed Collins was to receive as district clerk. Article 3924 provides:

"Any other fees of office not embraced within this title, but otherwise provided for, shall not be affected by the provisions hereof."

Article 3855 provides a schedule of fees which the district clerks shall receive for their services. This list of duties for which fees shall be charged and the amounts therefore stipulated included the copying of petitions, citations, swearing each witness, subpœnas, etc. It is urged that under article 3924 the tax fees and costs received by said Collins in suits brought for state and county taxes in the district court did not come within the terms of articles 3883 and 3889. Article 7691 provides that in suits to collect state and county taxes the district clerk shall be entitled to a fee of $1.50 in each case, to be taxed as costs of suit, and that where suits have been brought by the state against delinquents to recover taxes due by them to the state and county and the delinquents before judgment pay the amount of the tax, interest, penalty, and all accrued costs to the county collector, the district clerk shall receive $1 as his fee, and such fees shall be in lieu of the fees otherwise provided for such officer. In the case of Jones v. Harris County (Tex. Civ. App.) 209 S. W. 207, writ of error denied, suit was brought by Harris county against the county clerk to recover certain sums of money received by the county clerk growing out of delinquent tax suits, which had been retained by the county clerk in addition to his maximum compensation and the lawful expenses of his office. The trial court rendered judgment in favor of the county for said sum so retained by the clerk, from which an ap-

peal was prosecuted. The Beaumont Court of Civil Appeals, in an opinion by Chief Justice Hightower, used the following language:

"It will be readily seen that all of the above assignments relate to and raise the same question of law, and therefore a disposition of one of them disposes of them all. Under these assignments, plaintiffs in error first contend that the compensation allowed county clerks under article 7691, c. 126, of the Revised Statutes is not fees of office within the meaning of article 3883, c. 58, fixing the maximum amount of fees allowed said officers, including county clerks, but is fees of office 'otherwise provided for,' and not within title 58 of the Revised Statutes of the State of Texas, and that Harris county, under the agreed statement of facts in this case, was not entitled to any part of the money sued for and recovered herein.

"It is further contended by the plaintiffs in error that, when the Legislature, in 1913, amended article 3883 of the Revised Statutes of this state, it did not amend in any way or repeal article 3924 of the same title, but left the same intact and in full force and effect, and that, since said article 3924 provides that any other fees of office not embraced within said title (title 58), but otherwise provided for, shall not be affected by the provisions of said title, and that, as the money sued for by Harris county is 'fees of office not embraced' within title 58, but are 'otherwise provided for,' the county of Harris was not entitled to recover any of the money sued for.

"Thus it will be clearly seen that it is the contention of plaintiffs in error that the compensation provided for and allowed county clerks in tax suits by article 7691, tit. 126, Revised Statutes, does not have to be accounted for or taken into consideration in arriving at the maximum amount of compensation to be retained by such clerks, by reason of the fact that the authority to collect such fees is found elsewhere than in title 58, and that therefore such compensation is not subject to the provisions of the maximum fee bill, and they rely upon article 3924, found in title 58, for their contention. Said article 3924, reads as follows: 'Any other fees of office not embraced within this title, but otherwise provided for, shall not be affected by the provisions hereof.' After a very careful consideration of the contention here made by plaintiffs in error, we have arrived at the conclusion that the same is not tenable, but, on the contrary, we are of opinion that compensation allowed county clerks in delinquent tax suits by article 7691 of the Revised Statutes must be reported and accounted for and taken into consideration in arriving at the maximum compensation that may be retained by such clerks for services performed by them, as provided by the 'maximum fee bill' (article 3883, tit. 58, of the Revised Statutes of this state), notwithstanding the fact that article 3924, above quoted, is also found in said title 58."

The law with reference to the fees which may be retained by the county clerk and the district clerk is contained in the same article of the statutes, and we believe that the decision of the Jones v. Harris County Case,

supra, is conclusive of the contention herein made. The case of Harris County v. Hammond (Tex. Civ. App.) 203 S. W. 445, writ of error denied, involved the right of a sheriff to retain as compensation, in addition to his maximum allowance, fees and costs arising out of delinquent tax suits. It was held in that case that such fees and costs were included under the terms of the maximum fee bill and must be accounted for the same as any other fees of office. See, also, Curtin, Tax Collector, v. Harris Co. (Tex. Civ. App.) 203 S. W. 453; Ward v. Harris County (Tex. Civ. App.) 209 S. W. 792, writ of error denied; Nichols v. Galveston County (Tex. Sup.) 228 S. W. 547. In the last-cited case Galveston county brought suit against Nichols as tax collector to recover sums of money retained by him, under the contention that said amount did not constitute fees of office as contemplated by the statutes. Said sums were charges for assessments made for certain drainage districts in Galveston county, and also for certain school districts. The Supreme Court, in answering certified questions, expressly held that all of said amounts were fees of office, and should have been taken into consideration in arriving at the maximum compensation payable to the assessor.

We believe these authorities are conclusive as against the contention of appellants, and that the judgment of the trial court should in all things be affirmed; and it is accordingly ordered.