**BURKE, County Clerk, v. BEXAR COUNTY.**
(No. 7381.)

(Court of Civil Appeals of Texas. San Antonio. March 25, 1925. Rehearing Denied April 15, 1925.)

**1. Counties** &#8658;80(2)—**County clerk must account for fees collected in delinquent tax cases.**

Under Rev. St. art. 7691, fees collected in delinquent tax cases must be accounted for by county clerk like other fees of office, in view of Complete Tex. St. 1920, or Vernon's Sayles' Ann. Civ. St. 1914, arts. 3881, 3888, 3893, 3895, or Vernon's Ann. Civ. St. Supp. 1918, art. 3883, or Vernon's Ann. Civ. St. Supp. 1922, art. 3889.

**2. Officers** &#8658;99—**Not entitled to additional compensation for additional work, in absence of provision therefor.**

When compensation for additional official work is left to construction, it must be most favorably construed in favor of government, and officer will receive no additional compensation, unless provision is made therefor.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the County of Bexar against Jack R. Burke, County Clerk, and others. Judgment for plaintiff, and named defendant appeals. Affirmed.

Newton & Newton, of San Antonio, for appellant.

Birkhead, Lang & Beckmann, and F. Stevens, all of San Antonio, for appellee.

COBBS, J. Bexar county brought this suit against Jack R. Burke, county clerk of said county, and his official bondsmen, to recover the sum of $6,351.84; being $5,430.50 fees collected in delinquent tax cases, and $921.34 commissions for collecting delinquent fees; which fees were alleged to have been earned, collected, and received during the fiscal years beginning December 1, 1920, December 1, 1921, and December 1, 1922. It was alleged that said county clerk made no report of said fees, as required by law, but retained and appropriated the same to his own use, in addition to the maximum compensation allowed by law.

Appellant filed sufficient responsive pleadings. The case was tried before the court without a jury, upon an agreed statement of the facts.

Appellant admitted that, during each of the fiscal years beginning December 1, 1920, December 1, 1921, and December 1, 1922, as county clerk of Bexar county, he earned, collected, and received from all sources as salary and fees of office an amount largely in excess of the amount of compensation allowed him under the Maximum Fee Bill (Laws 1913, p. 246 [Vernon's Sayles' Ann. Civ. St. 1914, art. 3881 et seq.]) and the necessary expenses incident to the conduct of his office, including salaries of his clerks and deputies; that out of the total amount of fees collected he retained and took credit for, against Bexar county, the sum of $4,250 for each of said years, being the maximum amount of compensation provided for under what is known as the Maximum Fee Bill, after paying the salaries of his clerks and deputies and the necessary expenses incident to the conduct of his office; that he reported, accounted for, and paid into the county treasury all excess fees, over and above his maximum compensation under said fee bill, and the salaries of his clerks and deputies and expenses of his office, except that he did not report or

&#8658;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

pay into the treasury those fees, earned, collected, and received by him as fees in delinquent tax cases, as provided for by article 7691 of the Revised Civil Statutes, amounting to $5,430.50, nor the 10 per cent. commission on delinquent fees collected by him, as provided for by article 3892 of said Statutes, amounting to $921.34, which fees in delinquent tax cases and commissions on delinquent fees collected, amounting to a total sum of $6,351.84, being the amount sued for herein, he retained and did not report, account for, or pay same into the treasury as provided by the Maximum Fee Bill. It was further agreed by appellant and all the other parties to this suit that, if such fees in tax cases and commissions on delinquent fees are required to be accounted for under the Maximum Fee Bill, judgment should be rendered in favor of appellee for the amount sued for, with interest.

The court entered judgment in favor of appellee and against appellant and his bondsmen, jointly and severally, for the sum of $6,351.84, together with interest at the rate of 6 per cent. per annum, on the sum of $1,314.09 thereof from December 1, 1921, and on the sum of $1,794.59 thereof from December 1, 1922, and on the sum of $3,243.16, the remainder thereof, from January 1, 1924, and all costs of suit.

[1] We have carefully examined the briefs of both parties and read all the authorities cited. It seems well settled that fees in tax cases under the provisions of article 7691, R. S., are required to be accounted for in the same manner as other fees of office are. This seems to be the plain policy of the law relating to such matters. Articles 3881, 3883, 3888, 3889, 3893, 3895, and 7691, Complete Texas Statutes (1920); Collins v. Tarrant County (Tex. Civ. App.) 242 S. W. 1103; Curtin v. Harris County (Tex. Civ. App.) 203 S. W. 453; Id., 111 Tex. 568, 242 S. W. 444; Harris County v. Hammond (Tex. Civ. App.) 203 S. W. 445; Jones v. Harris County (Tex. Civ. App.) 209 S. W. 207; Nichols v. Galveston County, 111 Tex. 50, 228 S. W. 547; Anderson County v. Hopkins (Tex. Civ. App.) 187 S. W. 1019; Ward v. Harris County (Tex. Civ. App.) 209 S. W. 792; Veltman v. Slator, 110 Tex. 198, 217 S. W. 378; Id. (Tex. Civ. App.) 219 S. W. 530.

[2] It makes no difference whether fees are provided for or not in each case of additional official work, when compensation is left to construction it must be most favorably construed in favor of the government, and the officer will receive no additional compensation therefor, unless provision is made for compensation. McLennan County v. Boggess, 104 Tex. 311, 137 S. W. 346; Hallman v. Campbell, 57 Tex. 54; State v. Moore, 57 Tex. 307.

We find no reversible error assigned, and the judgment of the trial court is affirmed.