

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable T. T. Sanders, Jr.
Assistant Crominal District Attorney
Edinburg, Texas

Dear Sir:      Opinion No. O-1066
               Re: What is the procedure to pay the re-
                   cording fee in the case of Valentin
                   Ramirez, described, and the procedure
                   necessary to sell the property for
                   cash and dispose of the proceeds?

        Your request for an opinion on the above stated
question has been received by this office.

        Your letter addressed to Honorable Gerald C. Mann,
Attorney General of Texas, reads as follows:

        "Pursuant to a conversation had with you
personally over the telephone, on April 4, 1939,
our office received a telegram from you author-
izing this office, on your behalf, to purchase
at execution sale certain real property located
in this county.

        "This sale was conducted in accordance
with Article 4401, Revised Civil Statutes of
1925; and was for the purpose of completing the
forfeiture of a bail bond of the above defendant.

        "The amount of judgment which the State of
Texas recovered in this connection was $1,000.00
together with the court costs in connection there-
with; thereupon a writ of execution was issued,
and the property sold in compliance with the statutes
governing executions. At the sale, this office
purchased the property for the State for $500.00

        "The Sheriff of this county has executed
the Sheriff's Deed to said property to "The State
of Texas". Upon the delivery of this deed to the
County Clerk of this county for recording, he re-
fused to accept the same without a guaranty as to
the payment of the recording fee; and the deed
remains in the office of the Sheriff.

"This office would like to ascertain from
your department the procedure to pay the record-
ing fees  in this connection, and also the pro-
cedure necessary to enable either your department
or this office, working in connection with your
department, to sell this property for cash, if
possible, and the disposition of the proceeds
received therefrom."

Articles 4401, 4402, and 4403, of the Revised Civil
Statutes, read as follows:

"Article 4401.  If any property shall be
sold by virtue of any execution, order or sale
issued upon any judgment in favor of the State
or sale by virtue of any deed of trust - except
executions issued upon judgments in cases of
scire facias the agent representing the State
by and with the advice and consent of the Attor-
ney General is hereby authorized and required
to attend such sales and bid on and buy in for
the State said property when it shall be deemed
proper to protect the interest of the State in
the collection of such judgment and debt.  His
bid shall not exceed the amount necessary to
satisfy said judgment and debt and all costs due
thereon.

"Article 4402.  In all cases where prop-
erty is so purchased by the State, the officer
selling the same shall execute and deliver to
the State a deed to the same, such as is prescribed
for individuals in similar cases.

"Article 4403.  The agent or attorney of
the State buying for the State such property
at such sales shall be authorized by and with the
advice and consent of the Attorney General, at
any time to sell or otherwise dispose of said
property so purchased in the manner acquired and
upon such terms and conditions as he may deem
most advantageous to the State.  If sold or dis-
posed of for a greater amount than is necessary
to pay off the amount due upon the judgment or
debt, and all costs accrued thereon, the remain-
der shall be paid into the State Treasury to the
credit of the general revenue.  When such sale is
made, the Attorney General shall, in the name of
the State, execute and deliver to the purchaser a
deed of conveyance to said property, which deed

the same, such as is prescribed for individuals in similar cases.

"Article 4403. The agent or attorney of the State ~buying for the State such property at such sales shall be authorized by and with the advice and consent of the Attorney General, at any time to sell or otherwise dispose of said property so purchased in the manner acquired and upon such terms and conditions as he may deem most advantageous to the State. If sold or disposed of for a greater amount than is necessary to pay off the amount due upon the judgment or debt, and all costs accrued thereon, the remainder shall be paid into the State Treasury to the credit of the general revenue. When such sale is made, the Attorney General shall, in the name of the State, execute and deliver to the purchaser a deed of conveyance to said property, which deed shall vest all the rights and title to the same in the purchaser thereof."

Section 1 of Article 3912e, Revised Civil Statutes, reads as follows:

"No district officer shall be paid by the State of Texas any fees or commission for any service performed by him; nor shall the State or any county pay to any county officer in any county containing a population of twenty thousand (20,000) inhabitants or more according to the last preceding Federal Census any fee or commission for any service by him performed as such officer; provided, however, that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for, all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such monies received by him into the fund or funds created and provided for under the pro-

perform some services without compensation having been provided therefor by law. Such is held to be incident to the office, upon the acceptance of which the obligation to perform is imposed.

In the case of Burke, County Clerk vs. Bexar County, 271 S.W. 132, the court held that it makes no difference whether fees are provided for or not, in cases of additional official work when compensation is left to construction, it must be most favorably construed in favor of the government, and the official will receive no additional compensation thereof unless provision is made for compensation.

We are informed by the Comptroller's Office that Hidalgo County had a population of 77,004 inhabitants according to the last Federal Census, and that the county officials of Hidalgo County are compensated on a salary basis.

Section 1 of Article 3912e, supra, specifically provides that the State or any county shall not pay to any county officer in any county containing a population of 20,000 inhabitants or more, according to the last preceding Federal Census, any fee or commission for any service by him performed, as such officer, excepting fees that the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds thereinafter provided in the Act, and costs in civil cases by the State.

You are respectfully advised that it is the opinion of this department that the County Clerk is not entitled to a fee for recording the deed for the State mentioned in your letter.

You are further advised that the agent and attorney of the State buying for the State the property mentioned in your inquiry at the sale shall be authorized by and with the advice of the Attorney General, at any time to sell or otherwise dispose of said property so purchased in the manner acquired and upon such terms and conditions as the Attorney General may deem most advantageous to the State. The proceeds of such sale shall be applied to the judgment and costs, and that if such property is disposed of for a greater amount than is necessary to pay off the amount due upon the judgment and all costs of suit thereon, the remainder shall be paid into the State Treasury to the cedit of the general revenue, and, when the sale is made, the Attorney General shall, in the name of the State, execute and deliver a deed to the purchaser conveying said property to the purchaser.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:FG:wc


APPROVED JULY 29, 1939
s/W. F. Moore
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By R.W.F. Chairman