

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Ralph Brock
County Attorney
Lubbock County
Lubbock, Texas

Dear Sir:

Opinion No. O-4302
Re: Constables - ex officio salaries

Your request for opinion upon the following stated question:

"Can a Constable be paid an ex-officio salary out of the general fund of the county where he does not receive a maximum salary allowed by law for his services rendered to the county and state for which he receives no compensation."

Has been received and carefully considered by this department.

You also state in your letter that the precinct officers of Lubbock County are compensated on the fee basis.

The population of Lubbock County, Texas, according to the 1940 Federal Census is 51,782 inhabitants.

Article 3883½ Vernon's Annotated Texas Civil Statutes, provides in part as follows:

"Except as otherwise provided in this Act, the annual fees that may be retained by precinct, county and district officers mentioned in this Article shall be as follows:

" . . .

"3. In counties containing as many as thirty-seven thousand five hundred and one (37,501) and not more than sixty thousand (60,000) inhabitants,

or containing a city of over twenty-five thousand (25,000) inhabitants: County Judge, District or Criminal District Attorney, Sheriff, County Clerk, County Attorney, District Clerk, Tax Collector, Tax Assessor, or the Assessor and Collector of Taxes, Thirty-five Hundred ($3500.00) Dollars each; Justice of the Peace and Constable, Eighteen Hundred ($1800.00) Dollars each.

". . . ."

Article 3891, Vernon's Annotated Texas Civil Statutes, provides in part as follows:

"Each officer named in this Chapter shall first out of the current fees of his office pay or be paid the amount allowed him under the provisions of Article 3883, together with the salaries of his assistants and deputies, and authorized expenses under Article 3899, and the amount necessary to cover costs of premium on whatever surety bond may be required by law. If the current fees of such office collected in any year be more than the amount needed to pay the amounts above specified, same shall be deemed excess fees, and shall be disposed of in the manner hereinafter provided.

". . .

"In counties containing as many as thirty-seven thousand, five hundred and one (37,501) and not more than sixty thousand (60,000), or containing a city of over twenty-five thousand (25,000) inhabitants, district and county officers named herein shall retain one-third of such excess fees until such one-third, together with the amount specified in Article 3883, amounts to Forty-two Hundred and Fifty Dollars ($4250). Precinct officers shall retain one-third until such one-third, together with the amount specified in Article 3883, amounts to Twenty-two Hundred Dollars ($2200).

". . . ."

Article 3895, Vernon's Annotated Texas Civil Statutes, provides:

"The Commissioners' Court is hereby debarred from allowing compensation for ex-officio services to county officials when the compensation and excess fees which they are allowed to retain shall reach the maximum provided for in this chapter. In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the Commissioners' Court shall allow compensation for ex officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex-officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter. Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

Opinion No. O-417 of this department holds that the Commissioners' Court may in their discretion allow an ex officio salary to constables who do not receive their maximum fees of office, provided that the provisions of Article 3895, V. A. C. S., are complied with. We enclose herewith a copy of said opinion for your information.

The case of Anderson County v. Hopkins, 187 S. W. 1019, held that the Commissioners' Court was authorized to allow compensation for ex officio services, provided such compensation, together with the total amount of fees retained under the statutes did not amount to more than the maximum and excess fees authorized, and the court further held that ex officio fees or salary was not to be considered as "excess fees" of which the officer could retain only one-third.

The "first maximum" salary of a Lubbock County constable (under Article 3883) is $1800.00. His "second or full maximum" salary (under Article 3891) is $2200.00.

It is our opinion that the Commissioners' Court of Lubbock County may in their discretion (if Article 3895,

supra, is complied with) allow an ex officio salary to the constable to be paid from the general fund of the county, provided that such salary plus the fees retained by such officer do not exceed the sum of $2200.00. For example, if the constable earned and collected the sum of $1800.00 in fees the Commissioners' Court could allow him an ex officio salary of $400.00 or less. Of course, the Commissioners' Court is not required to allow the constable any ex officio salary if it sees fit not to do so.

We also enclose herewith a copy of opinion No. 0-2082 of this department which contains a full discussion of a related matter.

Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED JAN 12, 1942

ASSISTANT
ATTORNEY GENERAL

By

Wm. J. Fanning
Assistant

WJF:GO

ENCLOSURE


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN