## McASKILL v. BEXAR COUNTY. (No. 7475.)*

(Court of Civil Appeals of Texas. San Antonio. Dec. 9, 1925. Rehearing Denied Feb. 17, 1926.)

District and prosecuting attorneys ⊙⇒5(1)— District attorney held not entitled to apply delinquent fees to his subsequent salary, as money belonged to county (Vernon's Ann. Code Cr. Proc. 1916, arts. 1123, 1134; Rev. St. 1911, arts. 3889, 3890, 3896, 3898; Pen. Code 1911, arts. 107, 115, 118).

Delinquent fees earned by district attorney in excess of amount required to pay his maximum salary and expense of office for the year belong to county and cannot be applied to district attorney's salary for subsequent year, in view of Vernon's Ann. Code Cr. Proc. 1916, arts. 1123, 1134; Rev. St. 1911, arts. 3889, 3890, 3896, 3898; and Pen. Code 1911, arts. 107, 115, 118.

Appeal from District Court, Bexar County; Robt. W. B. Terrell, Judge.

Action by the County of Bexar against D. A. McAskill. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 270 S. W. 223.

O. B. Black, of San Antonio, for appellant. T. J. Newton, of San Antonio, for appellee.

COBBS, J. Appellee, the County of Bexar, filed this suit against appellant, D. A. McAskill, its former district attorney, to recover $8,083.64, alleged delinquent fees earned and retained by him during the fiscal years of 1921 and 1922, being in excess of the amount required by him to pay his maximum salary and the expense of office, which the appellant as district attorney failed to account for and to pay over to the county. The cause was tried before the court, and a judgment for appellee rendered for the sum of $8,083.-64, with interest on the sum of $3,903.64 thereof, from the ate of the judgment, at the rate of 6 per cent. per annum and all costs of court. The court in its judgment further finding, and it further appearing to the court that of said sum of $8,083.64, the sum of $3,903.64 was collected by the said D. A. McAskill and appropriated by him for the payment of his salary and the expenses of his office for the year 1923; and it further appearing to the court that the balance of said sum of $8,083.64, to wit, the sum of $4,180, was collected by the said D. A. McAskill during the year 1925, and was deposited by said defendant into the registry of the court:

"It is therefore ordered, adjudged, and decreed by the court that execution may issue herein for the sum of $3,903.64 with interest thereon from the date hereof, until paid, at the rate of 6 per cent. per annum, together with all costs in this behalf incurred; and the clerk of the court is hereby directed to pay the plaintiff, out of the funds deposited by the defendant with him in this cause, the sum of $4,180."

Besides the statement of facts, the court filed his findings of fact and conclusions of law. The findings of fact by the trial court are very complete and present the issues of fact fairly. They are fully supported by the testimony.

Practically all the questions of law applicable to this case have heretofore been disposed of in other opinions of this court, touching the disposition of like excess fees claimed by other officials of this county; and there is little further needed to be said on the law on excess fees in the disposition of this case. See Bitter, Tax Collector, v. Bexar County (Tex. Civ. App.) 266 S. W. 224; Burke, County Clerk, v. Bexar County (Tex. Civ. App.) 271 S. W. 132. Both of these cases are from Bexar county. In the first-named case a writ of error was granted, as we understand, on other questions. While in the second named case a writ of error was refused. In the last-named case the issue was practically, as in the instant case, on the question of excess fees. Article 3890, R. S., allows the officer "who does not collect the maximum amount of his fees for any fiscal year and who reports delinquent fees for that year, shall be entitled to retain, when collected, such part of such delinquent fees as is sufficient to complete the maximum compensation for the year in which delinquent fees were charged, and also to retain the one-fourth of the excess belonging to him, and the remainder of the delinquent fees for that fiscal year shall be paid as herein provided for when collected."

Article 3889, R. S., provides how the excess fees shall be disposed of; that is they "shall be paid into the county treasury," where the excess accrued. This language is mandatory. Appellant did not do that, but of the collection he made for 1922, of $8,083.64, instead of paying it to the county treasurer he applied $3,903.64 to his salary for the fiscal year of 1923. Obviously, he had no right to make an application of that money to his subsequent salary. That money belonged to the county. Article 1123, Vernon's C. C. P.; article 1134, C. C. P.; article 3889, Civil Statutes; article 3890, Civil Statutes; Moorman v. Terrell, Comptroller, 202 S. W. 727, 109 Tex. 173; Bexar County v. Linden (Tex. Civ. App.) 205 S. W. 478; Nichols v. Galveston County, 228 S. W. 547, 111 Tex. 50; McKenzie et al. v. Hill County (Tex. Civ. App.)

---

⊙⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 31, 1926.

263 S. W. 1073. Articles 3890, 3896, 3898, require the officers of the county taking benefit of these fees to make sworn statements showing the amount of fees collected by him during the fiscal year, and the amount of fees charged and not collected, and by him due, and the number of deputies and assistants employed by him during the year, and the amount paid, or to be paid each. And articles 107, 115, 118 (Pen. Code) make it a penal offense not to make such sworn statements. The statutes, properly construed and read, constitute a sequence as to method and procedure in respect to excess fees, and afford protection to the county, and make it easy for the financial agents of counties to readily check up and follow the funds arising from such sources. It is a good system and means much to the county when complied with. Bitter v. Bexar County, supra.

These statutes have been construed against appellant's construction, and we hold there is no merit in appellant's assignments and propositions, and the same are overruled, and the judgment of the trial court is affirmed.