

# THE ATTORNEY GENERAL
# OF TEXAS

**AUSTIN 11, TEXAS**

GERALD C. MANN
XXXXXXXXSON
**ATTORNEY GENERAL**

Honorable Richard S. Morris
County Attorney
Armstrong County
Claude, Texas

Dear Sir:

Opinion No. O-1153

Re: Under the facts set forth should the sheriff report as fees of office the compensation he receives as tax collector for the Claude Independent School District? If so, what is the proper method of adjusting the error of not having reported such fees for the years 1936, 1937 and 1938?

Your request for an opinion on the above stated questions has been received by this office.

Your letter reads, in part, as follows:

"In Armstrong County, having a population of 3,329, the Sheriff also acts as Tax Assessor and Collector for the State and County. For convenience herein this officer will be hereafter designated as the sheriff. The present in cumbent assumed the duties of this office January 1, 1935. There are three independent school districts in this county, of which the Claude Independent School District alone has its taxes collected by the sheriff. The Board of Trustees of the Claude Independent School District appoints the Sheriff to collect the taxes for such district, an assessor being another person. The tax rolls of the school district being prepared by the assessor and turned over to the sheriff who collects the school taxes from such tax rolls. The School District pays the premium on the bond of the sheriff as tax collector for the School District and other necessary expenses in connection with his duties as tax collector for the School District. The compensation for such services is 1% of the taxes col-

lected for the School District.  The other independent school districts in the county have their own tax assessors and collectors.

"In the year 1935 the sheriff included in his annual fee report as Sheriff and Tax Assessor and Collector for the State and county, the compensation he had received during that year as tax collector for the Claude Independent School District, paying some excess fees to the county.  Before making up his annual fee report for the year 1936, the sheriff asked the county attorney whether or not he should enter the compensation he received as Tax Collector for the Claude Independent School District in his annual fee report and show same as a fee of office as Sheriff and Tax Collector and Assessor for the State and county.  The County Attorney being of the opinion that, since the sheriff was not elected to the office of Tax Collector for the Claude Independent School District but appointed by the school board which had the power to grant or deprive him of the duty or office of Tax Collector for the School District according to their preference, such compensation he received as tax collector for the school district should not be reported in as much as the office of Sheriff and tax assessor and collector for the state and county was separate and distinct from that of tax collector for the school district.  The sheriff, following the advice of the county attorney, did not report the compensation he received as tax collector for the school district in his annual fee report as sheriff and tax collector for the state and county for the years 1936, 1937, and 1938.  Each annual fee report was approved by the Commissioners' Court.  The matter of such compensation not being included in the annual fee report by the sheriff was questioned by the auditor and taken before the grand jury in the October term of District Court, 1938, and also before the grand jury of the April, 1939, District Court, both juries approving the action of the Commissioners' Court.  The office of Sheriff and Tax Assessor and Collector for State and county ran excess fees for the years 1936 and 1938

of the years the compensation received by such officer as tax collector for the School District were not included in such fee report. . .

"1. Under the facts and circumstances related above, should the sheriff report as fees of office in his annual fee report the compensation he receives as tax collector for the Claude Independent School District.

"2. In the event such fees or compensation should have been reported, then what is the proper method of adjusting the error of not having reported such fees for the years 1936, 1937, and 1938?"

Section 16 or Article VIII of the Constitution reads as follows:

"The sheriff of each county, in addition to his other duties, shall be the assessor and collector of taxes therefor; but, in counties having ten thousand (10,000) or more inhabitants, to be determined by the last preceding census of the United States, an assessor and collector for taxes shall be elected to hold office for two (2) years, and until his successor shall be elected and qualified."

Article 7246, Revised Civil Statutes, reads as follows:

"In each county having less than ten thousand (10,000) inhabitants, the sheriff of such county shall be the assessor and collector of taxes, and shall have and exercise all the rights, powers and privileges, be subject to all the requirements and restrictions, and perform all the duties imposed by law upon assessors and collectors; and he shall also give the same bonds required of a collector of taxes elected."

Articles 3896 and 3897, Revised Civil Statutes, read as follows:

"Article 3896. Each district, county and precinct officer shall keep a correct statement of all fees earned by him and all sums coming into his hands as deposits of costs, together

with all trust funds placed in the registry of the court, fees of office and commissions in a book or in books to be provided him for that purpose, in which the officer, at the time when such deposits are made or such fees and commissions are earned and when any or all of such funds shall come into his hands, shall enter the same; and it shall be the duty of the county auditor in counties having a county auditor to annually examine the books and accounts of such officers and to report his findings to the next succeeding grand jury or district court. In counties having no county auditor, it shall be the duty of the Commissioners' Court to make the examination of said books and accounts or have the same made and to make report to the grand jury as hereinabove provided.

"Article 3897. Each district, county and precinct officer, at the close of each fiscal year (December 31st) shall make to the district court of the county in which he resides a sworn statement in triplicate (on forms designed and approved by the State Auditor) a copy of which statement shall be forwarded to the State Auditor by the clerk of the district court of said county within thirty (30) days after the same has been filed in his office, and one copy to be filed with the county auditor, if any; otherwise said copy shall be filed with the Commissioners' Court. Said report shall show the amount of all fees, commissions and compensations whatever earned by said officer during the fiscal year; and secondly, shall show the amount of fees, commissions and compensations collected by him during the fiscal year; thirdly, said report shall contain an itemized statement of all fees, commissions and compensations earned during the fiscal year which were not collected, together with the name of the party owing said fees, commissions and compensations. Said report shall be filed not later than February 1st following the close of the fiscal year and for each day after said date that said report remains not filed, said officer shall be liable to a penalty of Twenty Five ($25.00) Dollars, which may be recovered by the county in a suit brought for such purposes, and in addition said officer shall be subject to removal from office."

The last two paragraphs of Article 3891, Revised Civil Statutes, read as follows:

"The compensations, limitations and maximums herein fixed in this Act for officers shall include and apply to all officers mentioned herein in each and every county of this State, and it is hereby declared to be the intention of the Legislature that the provisions of this Act shall apply to each of said officers, and any special or general law inconsistent with the provisions hereof is hereby expressly repealed in so far as the same may be inconsistent with this Act.

"The compensation, limitations and maximums herein fixed shall also apply to all fees and compensation whatsoever collected by said officers in their official capacity, whether accountables as fees of office under the present law, and any law, general or special, to the contrary is hereby expressly repealed. The only kind and character of compensation exempt from the provisions of this Act shall be rewards received by Sheriffs for apprehension of criminals or fugitives from justice and for the recovery of stolen property, and moneys received by County Judges and Justices of the Peace for performing marriage ceremonies, which sum shall not be accountable for and not required to be reported as fees of office."

It appears that the terms of the last above quoted Article are inclusive to the extent that in order for fees to be exempt thereunder, they must be specifically excluded. This contention is borne out by the following prior opinions of this department:

1. To William B. Love, Carrizo Springs, Texas, dated June 29, 1936.

2. To Honorable Moreland, State Auditor, dated October 9, 1931.

3. To J. D. Looney, Boston, Texas, dated May 29, 1935.

4. To Honorable Moreland, State Auditor, dated May 6, 1932.

The conclusions presented in the above opinions are

further borne out by the case of Nichols vs. Galveston County (Supreme Court of Texas, 1921) 228 S.W. 547. In this case Galveston County sued the appellant to recover certain fees and commissions received by him as Tax Assessor and Collector of Galveston County, who also performed the duties of assessor and collector of a drainage district for which latter services he received the compensation for which recovery was sought. The court, in considering the case, compared the Articles under which compensation is allowed to tax assessors and collectors for their services in assessing and collecting taxes of drainage districts to the Article under which the tax assessor and collector of a county may be designated assessor and collector of an independent school district, and receive in return for acting as such certain commissions. The court considered situations arising under each Article with respect to accountability of commissions received thereunder to be completely analogous. The court cited the case of Ellis County vs. Thompson, 66 S.W. 49, quoting from such case in the following language:

"The phrase 'fees of all kinds' embraces every kind of compensation allowed by law to a clerk of the county court, unless excepted by some provision of the statute. . . The exceptions are so definite that by implication all fees not mentioned in the exceptions are excluded therefrom, and thereby included within the requirements of the act."

Article 2792, Revised Civil Statute, reads as follows:

"When the majority of the Board of Trustees of an Independent District prefer to have the taxes of their District assessed and collected by the County Assessor and Collector, or collected only by the County Tax Collector, same shall be assessed and collected by said County Officers and turned over to the Treasurer of the Independent School District for which such taxes have been collected. The property of such districts having their taxes assessed and collected by the County Assessor and Collector may be assessed at a greater value than that assessed for County and State purposes, and in such cases the County Tax Assessor and Collector shall assess the taxes for said district on separate assessment blanks furnished by said district and shall prepare the rolls for said district in accordance with the assessment values which have been equalized by a Board of Equalization appointed by the

> Board of Trustees for that purpose.  If said
> taxes are assessed by a Special Assessor of the
> Independent district and are collected only by
> the County Tax Collector, the County Tax Col-
> lector in such cases shall accept the rolls
> prepared by the Special Assessor and approved by
> the Board of Trustees as provided in the proced-
> ing Article.  When the County Assessor and Col-
> lector is required to assess and collect the
> taxes of Independent School Districts he shall
> respectively receive one per cent (1%) for as-
> sessing, and one per cent (1%) for collecting
> same."

The case of Nichols, et al. vs. Galveston County, supra, further holds, in effect, that where the county asses- sor did not account for the portion of the fees received for which the county was entitled under the statutes prescribing the maximum amount of fees that may be retained by the county assessor, the county could bring an action on the assessor's bond; the duty of accounting for the assessor's fees being within the condition of the bond.

You are respectfully advised that it is the opinion of this department that the sheriff who is also assessor and collector of taxes for Armstrong County, and tax collector for the Claude Independent School District is required to re- port as fees of office, the compensation he receives as tax collector for the Claude Independent School District.

In answer to your second question, you are further advised that the fees or compensation received by the sheriff and assessor and collector of taxes for collecting the taxes of the Claude Independent School District should be properly accounted for, and he should pay to the county all such fees or compensation in excess of the maximum compensation allowed by law.

Trusting that the foregoing answers your inquiry, we remain

Honorable Richard S. Morris, page 8          O-1153


                              Yours very truly
                         ATTORNEY GENERAL OF TEXAS

                              By s/Ardell Williams
                                 Ardell Williams
                                 Assistant

AW:FG:wc


APPROVED  AUG 10, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/RWF Chairman