

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXXXXXXXON
ATTORNEY GENERAL

January 23rd, 1939

Mr. Karl Cayton, County Attorney
Dawson County
Lamesa, Texas

Dear Mr. Cayton

Opinion No. O-194
Re: Fees of County Tax Assessor-
Collector, collecting taxes
for independent school dis-
tricts.

Your request for an opinion on the following question:

"Does the County Tax Assessor-Collector who
has been collecting taxes from some of the Inde-
pendent School Districts have to turn in the per-
centages they allow him as fees or retain them
personally?"

has been received by this office.

Article 3883, Revised Civil Statutes, provides in de-
tail the maximum fees for all officers named therein and it was
held in the case of Nichols vs. Galveston County, 228 S.W. 547,
by the Supreme Court that the fees collected by an assessor for
assessed independent school districts' taxes were accountable
for under the maximum fee bill.

Article 3891, Revised Civil Statutes, provides in effect
the compensations, limitations and maximums of fees and salaries
fixed by the maximum fee law for officers includes and applies
to all fees and compensations whatever collected by said of-
ficers in their official capacity.

It has been repeatedly held by the Attorney General's
office that fees accruing to the tax assessor-collector who has
collected taxes for independent school districts is required
to account for said compensation as fees of office and all ex-
cess fees should be deposited with the county treasurer.

Trusting that the foregoing answers your inquiry, I
remain

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Assistant

AW:OB:wc


APPROVED
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS