**TAYLOR et al. v. BREWSTER COUNTY.**

No. 3966.

Court of Civil Appeals of Texas. El Paso.

Sept. 19, 1940.

Rehearing Denied Oct. 10, 1940.

Jones, Turney, Hardie, Grambling & Howell, of El Paso, Arthur Owens, of Alpine, and Weaver H. Baker, of Junction, for appellants.

Joseph G. Bennis, of El Paso, and A. M. Turney, Co. Atty., and Frank O. Ray, both of Alpine, for appellee.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of Brewster County. Brewster County, the appellee, recovered against the appellant Elmer Taylor, Sheriff and Tax Collector of said county, and appellant American Employers Insurance Company, the surety for Taylor in his official capacity, the aggregate sum of

$2,020.09, and with judgment over for said amount in favor of appellant surety against appellant Taylor for said sum, together with the additional sum of $298. One thousand eight hundred and fifty-five and 28/100 dollars of the main judgment bearing interest at the rate of six per cent per annum from January 1, 1938, the balance with six per cent interest from January 1, 1939. The alleged basis for the judgment was failure to account by appellant Taylor for excess official fees. The pleadings of the parties are somewhat voluminous and it is not deemed necessary to set forth their substance. Suffice it to say that they are deemed sufficient to raise all of the questions hereinafter discussed. Trial was to the court without a jury and upon stipulated facts. The stipulation as to the facts, omitting caption, signature of counsel for the parties and certificate of the trial judge, was as follows:

"The plaintiff and defendants and their respective attorneys of record, in open court, in the above cause, stipulate and agree that the facts upon which the court rendered his judgment in this cause are as follows:

"(a) That Elmer Taylor was the duly elected, qualified and acting Sheriff, Collector and Assessor of Taxes for Brewster County, Texas, for the calendar years 1937 and 1938.

"(b) That Elmer Taylor, at the request of the officials of the Marathon Independent School District and the Alpine Independent School District, both political subdivisions of Brewster County, Texas, assessed all properties within the boundaries of such school districts for the calendar years 1937 and 1938, and collected all the taxes due thereon for such years.

"(c) That for the calendar year 1937 Elmer Taylor retained for the assessing of such school taxes in such districts the sum of $430.82 and for the collection thereof the sum of $817.68.

"That for the calendar year 1938 Elmer Taylor retained for the assessing of such school taxes in such districts the sum of $519.14 and for the collection thereof the sum of $913.32.

"(d) That all of the aforesaid sums of money, aggregating $2,680.96, are in addition to the maximum of $3,000.00 per annum allowed by law unto Elmer Taylor as Sheriff, Collector and Assessor of Taxes for Brewster County, Texas, and constitute moneys derived exclusively from the taxes of such school districts.

"(e) That Brewster County, Texas, has a population, according to the last Federal census, of less than 10,000 people.

"(f) That all other items set out in plaintiff's first amended original petition, together with the first supplement thereto, are, as a matter of fact, law and equity, properly allowable unto the defendant Elmer Taylor.

"(g) That the officials of Brewster County, Texas, were placed on a fee basis of compensation for the calendar years of 1937 and 1938.

"(h) During the year 1937 the Commissioners' Court of Brewster County authorized the payment to Elmer Taylor of ex-officio compensation in the amount of $2,790.00, and such compensation was paid in equal monthly installments throughout 1937.

"(i) The American Employers Insurance Company is the surety on Elmer Taylor's bond for the years 1937 and 1938 and is liable, as such surety, for any judgment rendered against Elmer Taylor, unless relieved by reason of the payment to Elmer Taylor of the ex-officio compensation above referred to.

"(j) During the years of 1937 and 1938, respectively, the defendant Elmer Taylor received those certain sums of money set out in plaintiff's first amended original petition.

"(k) It is agreed that $250.00, plus actual expenses, is a reasonable fee for services rendered by the attorneys for the American Employers Insurance Company."

This stipulation is dated the 8th day of September, 1939, and was filed in the office of the District Clerk on that date. The Judge's certificate to the agreed statement of facts bears the same date, and it is certified that the cause was tried upon said agreed facts alone.

Incorporated in the court's judgment are the following findings of law:

"(l) The Court finds, as a matter of law, that the defendant, Elmer Taylor, is required by law to account, as fees of office, for the sum of $430.82, received by him as compensation for the assessing of Independent School Taxes for the year 1937, and the further sum of $817.68 as compensation for the collecting of Independent School Taxes for the year 1937, said sums aggregating $1248.50; that said sum being

charged to the said Elmer Taylor and due credit being given him for all authorized deductions for the year 1937 there remains due and accountable by the said Elmer Taylor to the plaintiff, County of Brewster, the sum of $1855.28.

"(m) That during the year 1938 the defendant, Elmer Taylor, retained for the assessing of Independent School Taxes the sum of $519.15 and for the collection of such taxes the sum of $913.32, aggregating the sum of $1432.46, which said sum the court finds, as a matter of law, are fees of office of the said Elmer Taylor, as Sheriff, Tax Assessor and Collector of Brewster County and for which the said Elmer Taylor is bound in law to account to the plaintiff; charging the said Elmer Taylor with said aggregate sum of $1432.46 as fees of office and allowing the said Elmer Taylor all authorized deductions for the year 1938 there remains $165.81 excess fees for which the said Elmer Taylor is bound in law to account to the plaintiff herein."

Fairly deducible from the statement of facts, we think, is that, including the fees received from the two independent school districts and the ex-officio fees of $2,790, paid during the year 1937, appellant Taylor collected for the year 1937 the sum of $1,855.25 in excess of $3,000, his maximum official compensation. For the year 1938 he collected $165.81 in excess of the $3,000 maximum. This, after allowing all legitimate claims for expenses.

Appellants contend that this action may not be maintained for the reason that accounts of appellant Taylor have never been audited and passed upon by the Commissioners' Court of Brewster County; further that the commissions retained for the assessing and collection of taxes for the two school districts are not accountable as fees of office. In substance, that the title to the funds sought to be recovered is not vested in the County but in the respective school districts. These contentions are urged in a joint brief. The appellant Surety Company has also filed another brief in which in substance it is asserted that the $2,790 paid as ex-officio compensation for the year 1937 was voluntarily paid by the appellee without warrant of law and appellee is not entitled to recover from it as Surety.

■ In regard to the contention that this account should have been first submitted to the Commissioners' Court, it is to be noted, first, that the claim asserted is not a claim against the County; second, that it nowhere appears that appellant Taylor ever sought to have his accounts adjusted by the Commissioners' Court. Neither Brewster County nor the Commissioners' Court could present the claim of appellant Taylor for expenses incurred. This burden, we think, was that of appellant. The trial court made an allowance for such expenses, and the correctness of the allowance is not here questioned.

We hold that the appellee was entitled to maintain this suit without the accounts being first settled and audited by the Commissioners' Court.

A determination as to whether or not the amounts retained for the assessment and collection of the taxes for the school districts were accountable as official fees will dispose of another question as to the right of appellee to maintain this suit.

■ In this action the appellee seeks to recover in its own right and not on behalf of the two school districts involved. The power and duty to assess and collect the taxes in question are conferred by Article 2792, R.S. 1925, Vernon's Ann.Civ.St. art. 2792. It appears from the stipulation that the Board of Trustees elected to have appellant Taylor, in his capacity as County Tax Assessor and Collector, to collect their taxes. It is clear that he acted as an officer of the County. He was not an officer or employee of the two school districts. It is clear appellant Taylor could not be an officer of the County and an officer of the School Districts at one and the same time. He could not hold two offices at the same time. Pruitt v. Glen Rose Independent School Dist., No. 1, 126 Tex. 45, 84 S.W.2d 1004, 100 A.L.R. 1158.

We deem the case of Nichols v. Galveston County, 111 Tex. 50, 228 S.W. 547, conclusive on this matter.

It is true that the statute as to accountable fees is not the same as the statute applicable to these transactions. However, the change in the statute rather broadens than restricts what are to be deemed as official fees. Art. 3891, R.S.1925, Vernon's Ann.Civ.St. art. 3891.

The money as received tentatively belonged to the officer, subject to his duty to account therefor to the County under the fee bill.

It follows that the judgment as to appellant Taylor should in all things be affirmed.

As stated, appellant Surety Company in its separate brief urges in substance it is not liable as surety because during the year 1937 appellee voluntarily paid Taylor the sum of $2,790 in monthly installments of $232.50 each as ex-officio compensation, and that no finding was made by the Commissioners' Court that there was a necessity for the payment of such ex-officio compensation. The authority for the allowance of ex-officio compensation to county officers is to be found in Article 3895, R.S.1925, Vernon's Ann.Civ.St. art. 3895. This article, insofar as applicable here, provides: "In cases where the compensation and excess fees which the officers are allowed to retain shall not reach the maximum provided for in this chapter, the commissioners court shall allow compensation for ex-officio services when, in their judgment, such compensation is necessary, provided, such compensation for ex-officio services allowed shall not increase the compensation of the official beyond the maximum of compensation and excess fees allowed to be retained by him under this chapter." In 1933 this proviso was added thereto: "Provided, however, the ex officio herein authorized shall be allowed only after an opportunity for a public hearing and only upon the affirmative vote of at least three members of the Commissioners' Court."

■ The stipulation in regard to the allowance of ex-officio compensation upon which the trial court entered judgment has heretofore been copied, but we will set same forth again: "During the year 1937 the Commissioners' Court of Brewster County authorized the payment to Elmer Taylor of ex-officio compensation in the amount of $2790, and such compensation was paid in equal monthly installments throughout 1937." This stipulation governs here. Sometime after the judgment was entered herein and subsequent to the perfection of appeal herein, the parties filed an agreed stipulation relating to this matter. No approval of the trial judge appears on this subsequent stipulation. It has no place in the transcript and cannot be considered in the determination of the case.

■ The trial court evidently construed the stipulation to mean that the Commissioners' Court validly authorized the payment of this ex-officio compensation. Conditions existing as provided in Art. 3895, it might validly make this allowance. It clearly appears from the agreed statement of facts that but for the ex-officio allowance the fees of office would not have amounted to the maximum of $3,000, which was the maximum compensation allowed appellant Taylor. The time when the Commissioners' Court may make this allowance is not specified in Art. 3895. The allowance does seem large. However, we have not the benefit of the amount realized in fees of the office during preceding years. Under the conditions named in the statute it was entrusted to the discretion of the Commissioners' Court. If these conditions did not exist or could not exist, the action of the Commissioners' Court would be void and conferred no authority for the payment. The quoted portion of the stipulation is as to an ultimate fact. Only acting in the manner provided for in the quoted statute could it authorize the payment. It has power to act in the premises. Action was taken therein. The construction is justified, if not compelled, that it acted lawfully. If this be correct, the money came lawfully into the custody of appellant Taylor. The bond covered account for money coming into his hands lawfully. This, to our mind, is the distinction between this case and the cases cited in appellant Surety Company's brief. In the cited cases the money was received without warrant of law. In this case the ex-officio compensation came lawfully into his hands and it was his duty to account therefor.

We think that the trial court correctly construed the stipulation that there was a valid authorization by the Commissioners' Court for the collection of ex-officio compensation.

We find no error in the case and it is ordered affirmed.

On Motions for Rehearing.

Careful consideration has been given to the respective motions for rehearing by the appellants, and we are constrained to adhere to our disposition of the case.

■ There is one sentence in the original opinion which should be corrected. In the opinion it was stated: "The money as received tentatively belonged to the officer, subject to his duty to account therefor to the County under the fee bill." The sentence should read: "The fees as received tentatively belonged to the officer, subject to his duty to account therefor to the County under the fee bill."

Motions are overruled.