

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

January 29, 1952

Hon. Sam W. Davis
District Attorney
Civil Courts Bldg.
Houston 2, Texas

Opinion No. V-1398

Re: Maximum compensation of
the County Treasurer of
Harris County from all
sources, including the
navigation district.

Dear Sir:

You have requested an opinion on the maximum compensation of the county treasurer of Harris County.

House Bill 265, Acts of the 52nd Leg., R.S. 1951, ch. 391, p. 675, passed by the Legislature on May 15, 1951 (Article 3943e, V.C.S.), prescribes the salaries of all county treasurers compensated on a salary basis. Section 5 provides:

"In each county in the State of Texas having a population of at least three hundred thousand and one (300,001) inhabitants, or more, according to the last preceding Federal Census, the Commissioners Court shall fix the salary of the county treasurer at any reasonable sum, providing such salary is not less than Forty-eight Hundred Dollars ($4800)."

House Bill 206, Acts of the 52nd Leg., R.S. 1951, ch. 122, p. 207, passed by the Legislature on April 19, 1951 (Article 3943d, V.C.S.), prescribes the salary to be paid the county treasurer in counties having a population of six hudred thousand (600,000) inhabitants or more. Section 1 provides:

"That the commissioners court in each county in the State of Texas having a population of six hundred thousand (600,000) inhabitants or more according to the last preceding Federal Census, or any future Federal Census, shall determine annually the salary to be paid to the county treasurer at a reasonable sum of not less than Five Thousand

Dollars ($5,000) nor more than Eight
Thousand Dollars ($8,000) per annum,
and the maximum salary and compensa-
tion of said treasurer shall not exceed
Eight Thousand Dollars ($8,000) in the
aggregate for any one calendar year.
Said treasurer shall be allowed to ap-
point such assistants as said commis-
sioners court may deem necessary at
reasonable salaries, to be determined
by said commissioners court. Said as-
sistants shall have the authority to do
and perform in the name of such county
such acts, either clerical or minister-
ial in character, as may be required of
him by said county treasurer."

Under the provisions of House Bill 206,
the maximum salary that may be paid the treasurer
of Harris County is limited to $8,000, while under
the provisions of House Bill 265 the maximum salary
that may be paid the county treasurer of Harris
County is unlimited. Att'y Gen. Ops. V-1320 (1951)
and V-1327 (1951).

Thus at the same session of the Legisla-
ture there were enacted two statutes dealing with
the compensation of county treasurers. The first
act passed is restricted in application to counties
having over 600,000 inhabitants, and the second act
is a comprehensive one concerning the compensation
for all county treasurers paid on a salary basis.
In 1 Sutherland Statutory Construction (3rd Ed. 1943)
475-77, the rule in this regard is stated as follows:

"The intent to repeal all former laws
upon the subject is made apparent by the
enactment of subsequent comprehensive leg-
islation establishing elaborate inclusions
and exclusions of the persons, things and
relationships ordinarily associated with
the subject. Legislation of this sort
which operates to revise the entire subject
to which it relates, by its very comprehen-
siveness gives strong implication of a leg-
islative intent not only to repeal former
statutory law upon the subject, but also

to supersede the common law relating to
the same subject."

In passing upon a somewhat similar ques-
tion, it was held in Attorney General's Opinion V-
472 that House Bill 501, Acts of the 50th Leg., 1947,
dealing with traveling expense of sheriffs generally,
repealed the provisions of Section 19 of Art. 3912e,
subdivision (1) providing for traveling expense of
sheriffs in counties having in excess of 190,000 in-
habitants, stating:

"The Legislature is presumed to have
had knowledge of all existing laws dealing
with the same subject matter and could have
excluded those counties having a population
in excess of 190,000 inhabitants, if it had
not intended that such counties be included
within the Act. This it did not do. Would
it not be just as reasonable to say that the
Act is not applicable to counties operating
on a fee basis or to those counties operat-
ing on a salary basis and having a popula-
tion of not over 190,000 inhabitants as it
would to say that it does not apply to those
counties having a population in excess of
190,000 inhabitants? In that event the Act
would not apply to any county in the State
and would be meaningless. It would be at-
tributing to the Legislature the intention
of having done a meaningless thing in passing
such a bill."

For like reasoning, it is our opinion that
House Bill 265, being a later enactment prescribing
the salaries to be paid all county treasurers who are
compensated on a salary basis, repealed House Bill 206
dealing with the salaries to be paid the county treas-
urers in counties having a population of 600,000 in-
habitants or more.

Therefore, the commissioners' court of Har-
ris County may fix the salary of the county treasurer
at any reasonable sum provided such salary shall not
be less than $4800.00 per annum. Att'y Gen. Op. V-1320
(1951).

Section 61 of Article XVI of the Constitution
of Texas provides that all county officers in counties

having a population of 20,000 inhabitants or more shall be compensated on a salary basis and that all fees earned by such officers shall be paid into the county treasury for the account of the proper fund. In Settegast v. Harris County, 159 S.W.2d 543 (Tex. Civ. App. 1942, error ref.) the court was considering whether the county treasurer, in view of the above-mentioned constitutional provision, had the right to retain the compensation provided for in Articles 8148 and 8221, V.C.S. The court held that the compensation of the county treasurer was limited to the amount provided for in Section 19 of Art. 3912e, V.C.S. (officers' salary law) and that the compensation received pursuant to Articles 8148 and 8221 for handling funds of the Drainage and Navigation Districts could not be retained, stating at page 546:

"Under said Article 8148 it was made the duty of the treasurer of Harris County to receive and disburse the funds of said Drainage Districts, and under said Article 8221 it was made his duty to receive and disburse the Navigation District funds. There is no provision in either of said articles that the treasurer shall or may retain either the compensation from the Navigation District or the commissions from said Drainage Districts, as his personal property, and there is nothing in either article which indicates that the functions of the county treasurer in the service of these two agencies were imposed by virtue of an office separate and distinct from the office of the County Treasurer. They were, we think, additional duties required of the county treasurer of Harris County by the legislature under the rule that the legislature may require public officers to perform additional duties not inconsistent with the duties performed by them.

"The question here presented has, we think, been decided by our Supreme Court in the case of Nichols v. Galveston County, 111 Tex. 50, 228 S.W. 547. In the Nichols case, the assessor relied upon a statute which specifically authorized the payment to him of ex-officio compensation. The statute under which he claimed additional compensation in

the assessment of certain drainage taxes
was a part of the statute under which ap-
pellants herein claim commissions on Drain-
age District funds paid to the treasurer.
The court held that the assessor was re-
quired to account for the 'compensation'
paid by the commissioners' court in connec-
tion with the assessment of drainage taxes
and the 'commissions' on the assessment of
independent school district taxes.

"This holding is strengthened, in the
instant case, by the fact that Subsection
(s) of said Section 19 expressly exempts
Notaries Public, public weighers and county
surveyors from the provisions of said Sec-
tion 19. It does not except therefrom the
office of county treasurer.

"Under above facts, we think that both
the constitutional amendment and the legis-
lative act under consideration definitely
and specifically limited the amount of the
salary which could be paid to the county
treasurer and to his assistants . . ."

While the Legislature has at various times
raised the maximum that may be paid the county offi-
cers (see Art. 3912g, V.C.S.), it has not changed the
method of compensation and has not amended Articles
8148 and 8221. Therefore, it is our opinion that the
construction placed on Article 8221 in the Settegast
case is not applicable to the compensation of the
county treasurer of Harris County and he is limited
to the compensation provided for in House Bill 265,
supra, and as fixed by the commissioners' court. You
are therefore advised that the county treasurer may
not retain the compensation provided for in Article
8221. We are supported in this conclusion by the
fact that Article 3943c, V.C.S., applicable to county
treasurers in counties having a population of not less
than 145,000 inhabitants and not more than 300,000,
was enacted in 1947 and provides:

". . . Where such Treasurer acts also
as Treasurer of any Navigation and Drainage
Districts, he is to receive and be entitled

to retain such compensation from such Districts as is provided by Articles 8221 and 8148, Revised Civil Statutes of Texas, 1925.
. . ."

We know of no similar statute applicable to Harris County which has been enacted subsequent to the Settegast case.

## SUMMARY

The compensation of the county treasurer of Harris County is governed by the provisions of Section 5, H.B. 265, Acts 52nd Leg., R.S. 1951, ch. 391, p. 675 (Article 3943e, V.C.S.), which repealed House Bill 206, Acts 52nd Leg., R.S. 1951, ch. 122, p. 207 (Article 3943d, V.C.S.), and the commissioners' court is authorized to set the salary at any reasonable sum provided such salary is not less than $4800.00 per annum. The salary of the county treasurer will be limited to the amount fixed by the commissioners' court and he is not entitled to retain compensation provided for in Article 8221, V.C.S., for receiving and disbursing funds of the navigation district. Settegast v. Harris County, 159 S.W.2d 543 (Tex. Civ. App. 1942, error ref.).

Yours very truly,

APPROVED:

PRICE DANIEL
Attorney General

J. C. Davis, Jr.
County Affairs Division

E. Jacobson
Reviewing Assistant

By *John Reeves*
John Reeves
Assistant

Charles D. Mathews
First Assistant

JR:mh