

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 28, 1959

Honorable H. D. Glover            Opinion No. WW-675
County Attorney
Reeves County                     Re: Disposition of fees
Pecos, Texas                          received by County Tax
                                      Assessor-Collector for
                                      performing assigned
                                      duties and for assessing
                                      and collecting taxes for
Dear Mr. Glover:                      Independent School District.

        Your letter of May 22, 1959, requesting an opinion
on the above subject, reads in part as follows:

        "Please advise me whether or not the
    Tax Assessor-Collector in a county with a
    population of less than 20,000 who is com-
    pensated on a salary basis in the amount of
    $6,215.00 and who acts as Tax Assessor-Col-
    lector for two Independent School Districts
    within the County is allowed to retain as
    fees of office an additional amount of 1%
    of current collections, 1% of assessments
    and 5% of redemptions from the Independent
    School Districts. Also whether or not the
    Tax Assessor and Collector would be allowed
    to retain either $1.00 per line or 10% which-
    ever is lesser, from the State and County
    redemption payments.

        "The facts briefly are as follows: The Tax
    Assessor and Collector is a separate office
    in this county and handles the assessment and
    collection of taxes for two separate Independent
    School Districts within the county. She de-
    posits all of the tax money for the two Inde-
    pendent School Districts and the State and
    County in one bank account and then periodically
    takes from the cash drawer, in cash, whatever
    the above figures or percentage would amount
    to, making no entry at any place as to the
    money that she takes.

        "It is my opinion that she is not entitled
    to retain any of the above-mentioned moneys but

that they should all be reported and turned over to the County. . . ."

On June 18, 1959, we received an additional letter from you, as follows:

"This is a supplemental request to the above numbered file. Please advise me whether or not the Tax-Assessor and Collector can retain as her own personal funds the $1.00 that is charged for issuing Tax Certificates.

"My opinion is that she cannot based upon the reasons as stated in my letter of May 22nd and under your file number above mentioned."

The fees which may be collected by a County Tax Assessor-Collector in performance of his duties are set forth in various Articles of Vernon's Civil Statutes, among which are the following which we assume to be those you inquire about:

(1)  Article 7258, as amended, reading in part as follows:

"Section 1.  On and after October 1, 1953, the Tax Collector or his deputy of any county in this State, or any city or political subdivision or tax assessing district within any such county shall, upon request, issue a certificate showing the amount of taxes, interest, penalty and costs due, if any, on the property described in said certificate. A charge of not to exceed One Dollar ($1) may be made for each such certificate issued."

(2)  Article 7331, as amended, reading as follows:

"For calculating and preparing redemption certificates and receipts, reporting and crediting redemptions, posting Comptroller's redemption numbers on the delinquent tax record or annual delinquent list, mailing certificates of redemption to taxpayers after approval by the Comptroller, and for issuing receipts or certificates of redemption for property shown on the annual delinquent list, the tax collector shall be entitled to a fee of One Dollar ($1) for each correct assessment of land to be sold, except that if the total amount of said costs so per-

mitted exceeds ten per cent (10%) of the
total amount of the taxes, interest and
penalties due before assessing any such
costs, then the total cost allowable shall
be limited to ten per cent (10%) of such
total amount of the taxes, interest and
penalties, or One Dollar ($1) whichever
is the larger, said fee to be taxed as
costs against the delinquent. . ."

Article 2792, V.C.S., as amended in 1945, provides
that the Board of Trustees of an Independent School District,
by majority vote, may require the County Tax Assessor-Col-
lector to assess and collect, or to collect, only, its taxes.
It also states "When the county assessor and collector is
required to assess and collect the taxes on independent
school districts they shall respectively receive one (1)
per cent for assessing and one (1) per cent for collecting
same;. . ." This is the only compensation currently pro-
vided a County Assessor-Collector who assesses and collects
independent school district taxes.

We are enclosing a copy of Attorney General's
Opinion No. S-76, holding that the fees collected by the
Tax Assessor-Collector, who is on a salary basis, for the
issuance of tax certificates under Article 7258a, V.C.S.,
should be deposited in the Officers' Salary Fund.

The fees collected under Article 7331 should like-
wise be paid into the Salary Fund. Article 3912e, V.C.S.,
Section 5, provides as follows:

"Sec. 5. It shall be the duty of all
officers to charge and collect in the manner
authorized by law all fees and commissions
which are permitted by law to be assessed and
collected for all official service performed
by them. As and when such fees are collected
they shall be deposited in the Officers' Salary
Fund, or funds provided in this Act. . ."

Section 3 of that same Act provides that, where
county officers are compensated on a salary basis,

". . .such officers shall receive said
salary in lieu of all other fees, commissions
or compensation which they would otherwise be
authorized to retain; provided, however, that
the assessor and collector of taxes shall con-
tinue to collect and retain for the benefit

of the Officers' Salary Fund or funds herein-
after provided for all fees and commissions
which he is authorized under law to collect;
and it shall be his duty to account for and
to pay all such monies received by him into
the fund created and provided for under the
provisions of this Act,. . ."

Article 3883(i)(Acts 1955, 54th Leg.,p. 1137, ch.427)
provides in Section 1 as follows:

"In each county in the State of Texas having
the population of less than twenty thousand
(20,000) inhabitants according to the last
preceding Federal Census where all county and
district officials are compensated on a salary
basis, the Commissioners Courts shall fix the
salaries of the officials named in this Act
at not more than Six Thousand, Seven Hundred
and Fifty Dollars ($6,750.00) per annum; pro-
vided, however, that no salary shall be set
at a figure lower than that actually paid on
the effective date of this Act."

(According to the 1950 Federal Census the population of.
Reeves County was 11,745.)

The assessor and collector of taxes is named in
Section 6 as one of the officials to whom Section 1 applies.

Section 14 provides that, "All of the fees and
commissions earned and collected by the officials named in
this Act shall be paid into the County Treasury in accord-
ance with the provisions of Section 61 of Article XVI of
the Constitution of Texas."

The cited Section of the Constitution provides in
part that "all fees earned by district, county and precinct
officers shall be paid into the county treasury where earned
for the account of the proper fund,. . ."

For earlier cases dealing with the accountability
of fees earned under this article, as fees of office under
Maximum Fee Bill, see Burke v. Bexar County, 271 S.W. 132
(Tex.Civ.App., 1925), err. ref'd. and Cameron County v. Fox,
42 S.W.2d 653, aff'd. Com.App., 61 S.W.2d 483, Reh.Den.,
Com.App., 64 S.W.2d 140. See also Attorney General's Letter
Opinion on Request R2094, a copy of which is enclosed.

As to fees paid under Article 2792:  In Nichols v.
Galveston County, 111 Tex. 50, 228 S.W. 547 (1921), the

appellant County Assessor contended that fees paid him for
assessing and collecting independent school district taxes
were for ex officio service and as such not accountable as
fees of office. In overruling this contention, the Court
said (p.549):

> "After the statutes were enacted providing for
> drainage districts and independent school dis-
> tricts, and that when ordered to do so by the
> properly constituted authority the county assessor
> of taxes shall assess these taxes, the assessment
> of such taxes by him become the usual and general
> duties of his office; and the performance of these
> duties by him is made mandatory."

The same reasoning would apply to the collection of these
taxes.

It was therefore held that such fees were account-
able as fees of office. (We note in passing that officers
receiving a salary are specifically prohibited from receiving
any ex officio compensation by Sec. 6(b) of Art. 3912e.
Sec. 11 of Art. 3883i provides, however, three instances in
which extra compensation may be paid, none of which are
material here.)

The Nichols case was cited by the court as controlling
authority in Taylor v. Brewster County, 144 S.W.2d 314 (Tex.
Civ. App., 1940), err. ref'd., which held appellant County
Tax Assessor-Collector was acting as an officer of the
County in collecting taxes for independent school districts
under Art. 2792, and therefore his fees for such service
were accountable as official fees. The theory and intent
of a salary basis of compensation for county officers, as
opposed to a fee basis, are well expressed in Attorney General's
Opinion No. O-3664, from which we quote:

> "In a salary county the fees to which the
> officer would be entitled personally if he
> were on the fee system belong to the county.
> The officer must collect them for the county
> and place them in the Officer's Salary Fund.
> It was clearly contemplated by the Legislature
> that the salaries of county officers should
> be paid largely from fees of office deposited
> in the Officers' Salary Fund."

## SUMMARY

A County Tax Assessor-Collector who is
compensated on a salary basis must account

for and turn over to the County the fees collected under Articles 7258a and 7331, V.C.S., and also the 1% of assessments and 1% of collections provided by Art. 2792, V.C.S., for assessing and collecting independent school district taxes.

Yours very truly,

WILL WILSON
Attorney General of Texas

By _James R. Irion_
James R. Irion
Assistant

JRI:cm

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

W. R. Scruggs
Gordon C. Cass
Linward Shivers
L. P. Lollar

REVIEWED FOR THE ATTORNEY GENERAL

By:  LEONARD PASSMORE