

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Roscoe Runge
District Attorney
33rd Judicial District
Mason, Texas

Dear Sir:

Opinion No. O-6736

Re: Under the provisions of Senate
Bill No. 123, Regular Session,
Forty-ninth Legislature, is the
Commissioners' Court of
Gillespie County authorized to
allow the Assessor-Collector to
retain an increase in his salary?
And related question.

We acknowledge receipt of your request for an opinion on the
above questions, said request reading as follows:

"Kindly give me your opinion on questions pertaining to
recently enacted Senate Bill No. 123, which reads in
part, as follows:

"'BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"'Section 1. That Article 3891, Revised Civil Statutes
of Texas, 1925, as amended, be and the same is hereby
amended by adding thereto the following:

"'(a) The Commissioners Court is hereby authorized when
in their judgment the financial condition of the county
and the needs of the officers justify the increase, to
enter an order increasing the compensation of the precinct,
county and district officers in an additional amount not
to exceed twenty-five (25%) per cent of the sum allowed
under the law for the fiscal year of 1944, provided the
total compensation authorized under the law for the fiscal
year of 1944 did not exceed the sum of Thirty-six Hundred
($3600.00) Dollars.'

"The questions are:

"(a) Is the Commissioners' Court of Gillespie County
authorized under S. B. #123, to allow the Assessor and
Collector of Texas to retain an increase, up to 25% of his

salary for 1944, which was $3,000, from the excess
fees of office which remain upon compilation of his
annual fee report and which up to this time were paid
into the County Treasury as excess fees of office?

"(b)  Since Gillespie County remunerates its officials
on the fee basis, will it be permissible for the Com-
missioners' Court to order the increase of salary as of
May 9, 1945, the effective date of S. B. #123?"

In connection with said request, we also have a
letter from Honorable Wm. M. Petmecky, President of the Tax-
Assessors and Collectors Association of Texas, as well as
Assessor and Collector of Taxes of Gillespie County, from
which we quote as follows:

"The first question is in regard to paying the increase
out of excess fees.  In other words for illustration,
last year after making my annual fee report my compensa-
tion permitted me totaled $3,000.  I then had about
$1202.00 excess fees remaining which were paid into the
County Treasury.  My question is whether the Court may
allow me to retain up to 25%, which would be $750, out
of these excess fees?  It is my opinion that the Court
could do this as S. B. #123 directs the total compensation
may be increased and I would think this the most feasible
way to do it for officials on the fee basis.

"In regard to the second question, as to the date the
Court might order the increase effective for officials
on the fee basis, I would think the order could date to
May 9, 1945.  My reason for this is that officials on
the fee basis do not actually know until the end of the
year what their fees will be and they cannot figure
their remuneration until then.  For that reason I would
hold that the increase could be declared effective as
of May 9, 1945, since this would not be back pay for
officials on a fee basis. In your opinion to officials
of counties on salary basis you held that Section 44,
Article 3 of the State Constitution did not permit in-
crease of compensation for months passed.  Wouldn't the
fee arrangement be entirely different from that of a
definite set salary?"

Article 3883, Vernon's Annotated Civil Statutes, Subdivision
1, provides in part as follows:

"In counties containing twenty five (25,000) thousand
or less inhabitants:  County Judge, District or Criminal
District Attorney, Sheriff, County Clerk, County Attorney,
District Clerk, Tax Collector, Tax Assessor, or the
Assessor and Collector of Taxes, Twenty-four Hundred

($2400.00) Dollars each; . . ."

Article 3891 of said statutes is in part as follows:

". . .

"In counties containing twenty-five thousand (25,000) or less inhabitants, District and County officers named herein shall retain one-third of such excess fees until such one-third, together with the amounts specified in Article 3883, amounts to Three Thousand Dollars ($3,000) . . . ."

Senate Bill No. 123 is in part as follows:

"Section 1.  That Article 3891, Revised Civil Statutes of Texas, 1925, as amended, be and the same is hereby amended by adding thereto the following:

"'(a)  The Commissioners Court is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of Thirty-six Hundred ($3600.00) Dollars.'"

The above quoted provision of Article 3883 authorizes the Assessor and Collector of Taxes     of Gillespie County to retain from the fees collected by him the sum of $2,400.00 as his annual compensation.  The quoted provision of Article 3891 authorizes him to retain from one-third of the excess fees collected by him an additional sum until such sum, added to the amount specified in Article 5883, amounts to $3,000.00, which would be the sum of $600.00.  The quoted amendment of said Article 3891 by Senate Bill No. 123 authorizes the Commissioners' Court, in their discretion and when in their judgment the financial condition of the county and the needs of the Assessor and Collector of Taxes justify the increase, to enter an order increasing his annual compensation in an additional amount not to exceed 25% of the sum allowed under the law for the fiscal year 1944, provided the total compensation authorized under the law for the fiscal year of 1944 did not exceed the sum of #3,600.00.  This increase, however, if authorized by the Commissioners' Court and required to be paid from fees of office only, would have to be paid from one-third of the excess fees over and above the excess fees necessary to authorize a compensation of $3,000.00.  In other words, the base pay of the Assessor and Collector of Taxes of Gillespie County is $2,400.00.

If he was paid $3,000.00 in 1944, the Commissioners' Court is now authorized to allow him as much as $3,750.00 under the provisions of Senate Bill No. 123; but, if all of the compensation over and above $2,400.00 is to be paid from excess fees only, it must be paid from one-third of the excess fees as no change has been made in the original provisions of Articles 3883 and 3891.

Mr. Petmecky is in error in the contention made by him that, if Senate Bill No. 123 had been in force and had applied to his salary for 1944 and he had had $1,202.00 in excess fees remaining after having deducted from such excess fees an amount sufficient for him to be paid compensation of $3,000.00, the Commissioners' Court could have authorized him to retain an additional sum of $750.00 from said $1,202.00 in order to make up the total sum of $3,750.00 authorized by Senate Bill No. 123. He had already retained the one-third of said excess fees required to raise his compensation to $3,000.00, and the remaining two-thirds of said excess fees belonged to the county. In order for him to have been paid the additional sum authorized by Senate Bill No. 123 from fees of office only, he would have had to have collected additional excess fees over and above the remaining $1,200.00 and from these additional excess fees he could have retained only one-third until he had retained the additional sum of $750.00, if authorized by the Commissioners' Court, or such part thereof as the Commissioners' Court might have authorized. In other words, if such increase in compensation was to have been paid from fees of office only, before he could have retained the additional sum of $750.00 authorized by Senate Bill No. 123, he would have had to have collected an additional $2,250.00 in excess fees over and above the amount he had to collect in order to be paid the $3,000.00 compensation from fees of office only.

This rule will apply, however, only to compensation for a full year and where all of said official's compensation is paid from fees of office. If any part of said compensation is not paid from fees of office, but is paid as ex officio compensation, then you are referred to the rules of law set out in our Opinion No. O-6749, a copy of which is enclosed herewith.

Ex officio compensation is neither a fee of office nor an excess fee. Every service a county officer is required by law to perform, for which no fee or charge is specified, is an ex officio service, for which the Commissioners' Court, in its discretion, may allow ex officio compensation, payable out of the General Fund of the county.

By way of illustration of the rules of law above announced, we refer you to the following examples:

If the fees collected in one year are sufficient to pay only

the base compensation of $2,400.00 allowed under Article 3883, together with the salaries of assistants and deputies and all authorized expenses, the Commissioners' Court, under said rules of law, has authority to allow ex officio compensation in an amount sufficient to make up the maximum amount that could be paid under Senate Bill No. 123, to-wit, $3,750.00, or an ex officio compensation of $1,350.00, or such part thereof as said court may determine.

If the fees collected in one year are sufficient to pay the base compensation of $2,400.00 allowed under Article 3883, together with the salaries of assistants and deputies and all authorized expenses, and there remains $1,800.00 additional in excess fees, said official would be entitled to retain one-third, or $600.00, of said excess fees in addition to the base compensation of $2,400.00, making a total of $3,000.00 retained by him from fees of office. The Commissioners' Court would then be authorized to allow him ex officio compensation in an amount sufficient to make up the maximum amount that could be paid under Senate Bill No. 123, to-wit, $3,750.00, or an ex officio compensation of $750.00, or such part thereof as said court may determine.

If the fees collected in one year are sufficient to pay the base compensation of $2,400.00 allowed under Article 3883, together with the salaries of assistants and deputies and all authorized expenses, and there remains $4,050.00 additional in excess fees, said official would be entitled to retain one-third, or $1,350.00, of said excess fees in addition to the base compensation of $2,400.00, making a total of $3,750.00 retained by him from fees of office. In this event the Commissioners' Court could not allow any ex officio compensation and, if ex officio compensation had been allowed and paid in any amount, the official receiving same would be liable to the county for repayment thereof. See Taylor et al vs. Brewster County, 144 S. W. (2d) 314, writ dismissed.

Article 3, Section 53 of the Constitution of Texas, is as follows:

> "The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into, and performed in whole or in part; nor pay, nor authorize the payment of, any claim created against any county or municipality of the State, under any agreement or contract, made without authority of law."

In view of this provision of the Constitution, it is our opinion that, if the Commissioners' Court of Gillespie County

decides that the compensation of the Assessor and Collector of Taxes of said county should be increased under the rules of law above set forth, any increase thereof for the year 1945 must be in the proportion as the balance of the year 1945 relates to the total annual increase that may be allowed under Senate Bill No. 123. If the annual increase of $750.00 should be allowed and the order is made on August 1, 1945, then the increase would be 5/12ths of the $750.00, as the compensation for the months already passed cannot be increased.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ Jas. W. Bassett

By

Jas. W. Bassett
Assistant

JWB:LJ/cg
encl.

APPROVED AUGUST 13, 1946
s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

Approved opinion committee
By BWB, Chairman